## Ida F. Ater, Appellee, v. Fred H. Dobson, Executor, Appellant.

1. CONTRACTS—*when, for distribution of estate, valid. Held,* that the agreement involved in this case, which provided for the distribution of an estate, was deliberately entered into, was valid and binding.

2. ADMINISTRATION OF ESTATES—*when widow's award relinquished. Held,* that the contract in question in this case was intended to and did operate as a relinquishment of the right to a widow's award.

Objections to executor's report. Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed June 11, 1908. Rehearing denied November 19, 1908.

JAMES L. HICKS, for appellant.

HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This appeal is prosecuted by Fred H. Dobson, executor of the last will and testament of Franklin Ater, deceased, to reverse an order of the Circuit Court of Piatt county, sustaining certain objections interposed by appellee, Ida F. Ater, to the final report of said executor, and allowing to said appellee the sum of $976 as her widow's award in the estate of her deceased husband, Franklin Ater.

Franklin Ater died June 10, 1905, leaving his last will and testament which was duly probated. By the second clause of his will the testator bequeathed to appellee, his wife, all his household furniture and personal property, except money and notes, contained in his dwelling. By the third clause of the will he bequeathed to his daughter, Bertha, $3,000. The fourth clause provided that after the payment of the said

legacies and funeral expenses, all the balance of his personal property, if any, should be divided equally between his wife, Ida F. Ater, and his daughters, Adella May Peck, Jennie B. Dobson and Bertha F. Dobson, children by a former marriage. By subsequent clauses of his will the testator devised certain tracts of land to his said daughters, and the undivided one-half of his homestead property in Cerro Gordo to his wife for life, with remainder to his grandson.

Prior to their marriage in 1901, the said Franklin Ater and appellee entered into an ante-nuptial contract, which it is unnecessary to here consider, as Franklin Ater disregarded the same when he subsequently executed his will above referred to, and his children and legatees under said will manifestly understood that said contract was not binding upon appellee. Within a few days after the death of Franklin Ater, his executor and son-in-law, Fred H. Dobson, appellant herein, had an interview with appellee relative to the estate of her husband and her interest therein, in which interview it seems to have been claimed by appellee and admitted by appellant acting for the other parties in interest, that appellee should have been more liberally provided for by the will of her husband. Dobson, then, or shortly thereafter, consulted the other parties in interest with a view to arriving at an amicable agreement for a settlement and division of the estate. The estate consisted of personal property (exclusive of that specifically bequeathed to appellee by the second clause of the will) valued at about $6,000; an undivided one-half interest in the homestead worth about $1,000; a small strip of ground adjoining the homestead, worth about $125; and 269 acres of farm land, worth about $140 an acre.

Articles of agreement were drawn in duplicate and signed by all of the parties in interest, except appellee, and were then given to appellee for examination. She kept the same for several days and after consult-

ing an attorney of her own choice, she signed the same. The agreement in question is as follows:

"This agreement made and entered into this seventh day of July, A. D. 1905, by and between Della M. Peck and A. L. Peck, Jennie B. Dobson and Fred H. Dobson and George E. Dobson, of the county of Piatt and State of Illinois, parties of the first part, and Ida F. Ater of the county of Piatt and State of Illinois, party of the second part.

Witnesseth, that for and in consideration of the widow's award in the estate of Franklin Ater, deceased, by the said Ida F. Ater, and the execution of and delivery of certain quit claim deeds for land owned by the said Franklin Ater, deceased, which was by his last will and testament given to the said Della M. Peck, Jennie B. Dobson and Bertha F. Dobson, which said deeds have been this day executed and delivered by the said Ida F. Ater, the said parties of the first part hereby agree to and with the said Ida F. Ater, that in the settlement of the estate of the said Franklin Ater, deceased, that they will pay to the said. Ida F. Ater a sum equal to the amount that the said Della M. Peck, Jennie B. Dobson and Bertha F. Dobson shall receive from Fred H. Dobson, executor of the said estate of Franklin Ater, deceased, under the fourth clause of his last will and testament, it being the intention and agreement that the said Ida F. Ater shall receive the amount provided for in the said fourth clause of the said last will and testament of Franklin Ater, deceased, which according to the said fourth clause of said will would be given to the said Ida F. Ater, Della M. Peck, Jennie B. Dobson and Bertha F. Dobson in equal portions, and it is further agreed by and between the said Fred H. Dobson and Jennie B. Dobson, that in case the sum received by the said Ida F. Ater from the fourth clause in said last will and testament and from said Della M. Peck, Jennie B. Dobson and Bertha F. Dobson, does not amount to the sum of three thousand dollars ($3,000), then the said Fred H. Dobson and Jennie B. Dobson hereby agree that they will pay to the said Ida F. Ater the difference between the amount received by her as above provided and the sum of three

thousand dollars, hereby intending to and guaranteeing that the said Ida F. Ater shall receive the full sum of $3,000. The said sums to be paid by the said Della M. Peck, Jennie B. Dobson and Bertha F. Dobson are to be paid to the said Ida F. Ater within ten (10) days after they have received the said amount or any part thereof from the said Fred H. Dobson, executor of the said estate of Franklin Ater, deceased, and the said Fred H. Dobson and Jennie B. Dobson hereby agree that the amount necessary if any that they agree to pay to the said Ida F. Ater to make her sum of money amount to $3,000 shall be paid to her within fifteen months after this date and sooner if the amount to be paid by them can be ascertained before that time.

Nothing in this agreement shall be taken to or in any manner change the provisions of the said last will and testament of the said Franklin Ater, deceased, whereby the said Bertha F. Dobson is to receive the sum of three thousand dollars ($3,000) and the said Ida F. Ater is to receive certain personal property contained in the homestead occupied by the said Franklin Ater, deceased, and also a life interest in the said homestead, but is only to change or effect the sums to be paid under clause four of said last will and testament.

The above agreement is made with the expectation that there be no law suits against the said estate of Franklin Ater, but in case there should be such lawsuits the costs and judgment of such suits shall fall upon the heirs of the said Franklin Ater in equal portions.

The agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

In witness whereof, the parties to these presents have hereunto set their hands and seals, the day and year first above written.

|  |  |
|---|---|
| DELLA M. PECK, | [SEAL.] |
| A. L. PECK, | [SEAL.] |
| JENNIE B. DOBSON, | [SEAL.] |
| FRED H. DOBSON, | [SEAL.] |
| BERTHA F. DOBSON, | [SEAL.] |
| GEO. E. DOBSON, | [SEAL.] |
| MRS. IDA F. ATER, | [SEAL.]'' |

There is no pretense that the other parties in interest practiced any fraud upon appellee. Appellee was fully advised as to the character and value of the property of which her husband died seized and possessed. She had ample time and opportunity to examine and consider the agreement, and took independent advice of a reputable attorney of her own selection, before she signed the same. Upon the facts this case differs in every essential particular from the facts involved in Mayrand v. Mayrand, 194 Ill. 45, relied upon by appellee.

The only question remaining in the case is whether or not, by the terms of the contract, appellee relinquished her widow's award in the estate of her deceased husband.

The agreement is somewhat awkwardly and inartistically drafted, but if it means anything it must be construed to operate as a release and relinquishment by appellee of her claim for widow's award.

The agreement assumes to first state the consideration moving from appellee for the payment to her by the other parties of the sum of $3,000, and a part of the consideration so moving from appellee is her widow's award. This is manifest when the language of the agreement in that particular is analyzed. It says: "Witnesseth, that for and in consideration of the widow's award in the estate of Franklin Ater, deceased, by the said Ida F. Ater, *and* the execution and delivery of certain quit claim deeds for lands owned by the said Franklin Ater, deceased, which was by his last will and testament given to the said Della M. Peck, Jennie B. Dobson and Bertha F. Dobson, which said deeds have been this day executed and delivered by the said Ida F. Ater, the parties of the first part hereby agree to and with the said Ida F. Ater, that in the settlement of the estate of the said Franklin Ater, deceased, that they will pay to the said Ida F. Ater," etc.

No other reference to the widow's award is made in the agreement, and it is manifest that it was intended

by the agreement to effectuate a final division between the parties of the entire estate of Franklin Ater. The reference to the widow's award as a moving consideration in the agreement, is coupled by use of the conjunction ''and,'' with the covenant by appellee to execute and deliver certain quit claim deeds to the other parties in interest, and the covenant by such other parties to pay appellee $3,000 is predicated upon the consideration moving from appellee, viz: her widow's award and the execution and delivery by her of certain quit claim deeds. To hold that the agreement should be construed to mean that appellee was to be thereby allowed her award in addition to the $3,000 would do violence to the language used.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to overrule the objections to appellant's report as executor, and to disallow the claim of appellee for her widow's award.

*Reversed and remanded with directions.*